IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BEDFORD WASHINGTON, | ) | |
| ID # 872962, | ) | |
|     Plaintiff, | ) | |
| vs. | ) | No. 3:08-CV-1125-O (BH) |
| | ) | ECF |
| M.G. KINGER,[1] et al., | ) | Referred to U.S. Magistrate Judge |
|     Defendants. | ) | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

On July 3, 2008, the Court received the instant action against an unidentified Dallas County Director, unidentified trial and appellate attorneys who represented Plaintiff in his state murder case, and a person identified only as "Quarterman." (Compl. at 2-3.) Plaintiff indicates that he filed a prior lawsuit against his trial attorney in the Northern District of Texas. (*Id.* at 2.) In his answers to a Magistrate Judge's Questionnaire ("MJQ"),[2] he respectively identifies the defendants as M.G. Kinger ("Kinger"), Paul J. Johnson ("Johnson"), John H. Hagler ("Hagler"), and Nathaniel Quarterman ("Quarterman"). (*See* Answers to Questions 1 and 3 of MJQ.)

Plaintiff alleges that Kinger convicted him unlawfully under color of law and conspired with

---

[1] The current caption reflects the named defendants as identified in Plaintiff's answers to a Court questionnaire.

[2] Plaintiff's answers to the questions posed by the Court constitute an amendment to the filed complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

"all parties" for an illegal conviction. (Compl. at 3.) Johnson allegedly provided ineffective assistance of counsel at Plaintiff's state murder trial by not objecting to a charge of 3rd degree murder in the indictment and failing to investigate an alleged violation of the Fourth Amendment. (*Id.*; Answer to Question 1 of MJQ.) Johnson is the same attorney Plaintiff sued in his prior federal action in this Court, *Washington v. Johnson*, No. 3:99-CV-0684-G (N.D. Tex. filed Mar. 29, 1999) (complaint). (Answer to Question 2 of MJQ.) Hagler allegedly conspired with the state and rendered ineffective assistance when he failed to raise the ineffectiveness of Johnson on appeal. (Compl. at 3; Answer to Question 1 of MJQ.) Plaintiff alleges that Quarterman illegally restrains him pursuant to his unlawful conviction. (Compl. at 3; Answer to Question 3 of MJQ.) Plaintiff seeks declaratory relief, monetary damages, and a new trial for his murder conviction. (Compl. at 4.) No process has been issued in this case.

## II. PRELIMINARY SCREENING

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis* ("IFP"). As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an

2

indisputably meritless legal theory." *Id.* at 327. A claim that falls under the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994) "is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996). In addition, courts may appropriately dismiss an *in forma pauperis* action as frivolous when the action "seek[s] to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the IFP plaintiff." *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989).

### III. SECTION 1983

Plaintiff seeks relief under 42 U.S.C. § 1983 for an alleged unlawful conviction caused by ineffective assistance of counsel and an alleged conspiracy, and resulting in his false imprisonment.[3] Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). It "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Id.*

As part of the relief sought in this action, Plaintiff seeks a new trial for his state murder conviction. Such relief, however, lies within the exclusive province of a habeas action. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Davidson v. Texas*, 37 F.3d 629, 1994 WL 558794, at *1 (5th

---

[3] Although Plaintiff identifies twenty-six sections of Title 28 of the United States Code and one section of Title 18 of the United States Code on the first page of this § 1983 action, including the Federal Tort Claims Act and habeas provisions, the Court considers this action as arising only under § 1983. Plaintiff has provided nothing to indicate how the Federal Tort Claims Act applies or that he has complied with the jurisdictional exhaustion requirements of that act. *See McAfee v. 5th Circuit Judges*, 884 F.2d 221, 222-23 (5th Cir. 1989) (holding that the exhaustion requirements are jurisdictional). In addition, he has already unsuccessfully pursued federal habeas actions related to his murder conviction. (*See* Answer to Question 5 of MJQ.) Despite the numerous citations to various federal statutes, the essence of this federal civil action lies with alleged violations of Plaintiff's constitutional rights under § 1983.

Cir. 1994) (per curiam). If Plaintiff is entitled to any requested relief in this § 1983 action, he is entitled only to declaratory or monetary relief.

## IV. *HECK* BAR

Because Plaintiff's claims relate to an alleged unlawful conviction, the Court first considers whether the claims are barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck,* the Supreme Court ruled that,

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

512 U.S. at 486-87 (footnote omitted). Under *Heck*, courts must consider "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* When success in a "§ 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close*, 540 U.S. 749, 751 (2004). "The courts have extended the holding in *Heck* to claims seeking declaratory and injunctive relief as well as damages." *Shabazz v. Franklin*, 380 F. Supp. 2d 793, 805 (N.D. Tex. 2005) (accepting recommendation of Mag. J.) (citing *Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Clarke v. Stalder*, 154 F.3d 186, 190-91 (5th Cir. 1998)).

In this case, Plaintiff's claims clearly relate to the validity of his state murder conviction. Because an essential element to a § 1983 claim of false imprisonment is that the imprisonment be illegal or without legal authority, *see Harper v. Merckle*, 638 F.2d 848, 860 (5th Cir. 1981), granting relief on such claim would necessarily imply the invalidity of that conviction, *see Perry v. Holmes*, 152 Fed. App'x 404, 405 (5th Cir. 2005) (per curiam); *accord Wallace v. Kato*, 127 S. Ct. 1091, 1098 (2007) (holding that *Heck* does not apply to anticipated convictions but stating in dictum that a false imprisonment claim which impugns a conviction would be barred by *Heck*). Success on Plaintiff's conspiracy and ineffective-assistance claims would likewise necessarily imply the invalidity of his conviction. *See Silva v. Stickney*, No. 3:03-CV-2279-D, 2005 WL 2445433, at *8 (N.D. Tex. Sept. 30, 2005) (recommendation of Mag. J.), *accepted by* unpub. order (N.D. Tex. Nov. 9, 2005). Accordingly, under *Heck*, Plaintiff must demonstrate that his conviction or sentence has been reversed, invalidated, or expunged prior to bringing an action under § 1983. *See Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996).

Plaintiff has failed to make such a showing. (*See* Answers to Questions 5 and 6 of MJQ.) Consequently, Plaintiff's claims are "legally frivolous". *See Hamilton*, 74 F.3d at 103. The Court should dismiss the claims "with prejudice to their being asserted again until the *Heck* conditions are met."[4] *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996); *accord DeLeon v. City of Corpus Christi*, 488 F.3d 649, 657 (5th Cir. 2007).

---

[4] Although *Heck* provides a means to dismiss this action in its entirety, the Court need not rely upon *Heck* when the case presents issues that are appropriate for early and final determination. While this case certainly presents issues that could result in the dismissal of the action on a defendant by defendant basis (for instance, the claims against Johnson are frivolous under *Wilson* in light of Plaintiff's prior unsuccessful action against him based on substantially the same facts arising from a common series of events), a dismissal under *Heck* provides the most efficient means to dismiss the entire action.

5

## V. RECOMMENDATION

For the foregoing reasons, it is recommended that the District Court summarily **DISMISS** Plaintiff's complaint with prejudice as frivolous until such time as Plaintiff satisfies the conditions set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). Such dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[5]

**SIGNED this 20th day of August, 2008.**

*Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on plaintiff by mailing a copy to him. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

*Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[5] Section1915(g), which is commonly known as the "three-strikes" provision, provides:
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.